FRANK MALINOWSKI, RESPONDENT, v. FREDERICK PHILLIPS, APPELLANT.

ADAM KOZLOKOWSKY, RESPONDENT, v. FREDERICK PHILLIPS, APPELLANT.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellant, *John A. Matthews.*

For the respondents, *John E. Toolan.*

The opinion of the court was delivered by

CAMPBELL, J. The respondent Kozlokowsky was the owner and driver of a Ford sedan, and the respondent Malinowski, and others, were his companions on a pleasure drive. Kozlokowsky's car came in collision with the truck of the appellant, Phillips, and the car was damaged and Kozlokowsky and Malinowski were injured. Both sued and the causes were tried together at the Middlesex Circuit, resulting in verdicts for both plaintiffs below. From the judgments entered thereon these appeals have been taken.

The grounds for reversal are urged and argued under two heads.

First: That it was error to permit Dr. Voorhees, a witness for the plaintiffs below, to answer the following question: "Doctor, when you speak of epilepsy, what is the cause of epilepsy?"

This was objected to upon the ground that the doctor had testified that as a result of the injuries Malinowski "might * * * possibly have some remote developments like epilepsy, I can't tell." To this there was no objection lodged.

Then came the question objected to, to which the answer was: "It might result from an injury to the brain tissue, scars, adhesions that might form."

It is true that this and some of the testimony that followed was in language indicating possibilities, rather than probabilities, and was, upon that ground, improper, but the question objected to was not improper, and although the answer spoke in possibilities there was no motion made to strike it out for this or any other reason. When answers to subsequent questions were given as possibilities the trial judge ruled thereon properly and instructed the jurors that they could not "consider remote possibilities." Furthermore, the trial judge in his charge correctly and specifically instructed the jury upon this question.

We conclude that in this respect there was no error.

The second head or point is directed at two alleged errors.

The first thereof is that the court charged that the plaintiffs were entitled to damages if the defendant was guilty of negligence, disregarding thereby the question of contributory negligence. The contention of appellant being that although the proper instruction as to contributory negligence was subsequently given, the prior instruction was erroneous and was not cured by the subsequent one.

Upon considering the charge in its entirety we find it is not subject to the error thus charged against it.

The second point urged under this head is that the trial court erred in failing to charge that the respondents, being engaged in a joint adventure, the negligence of the driver Kozlokowsky, if any, was imputable to Malinowski. But this question is not before us because there was no request made of the trial judge so to charge. As was said in *Osbun* v. *DeYoung*, 99 *N. J. L.* 204, 210: "We have repeatedly held that an exception cannot be properly taken to a failure on part of a court to charge a legal proposition."

Finding no error the judgments under review will be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.