NEIGHBORS *v.* LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

Opinion delivered October 6, 1930.

*Tom F. Digby,* for appellant.

*Fred A. Isgrig,* for appellee.

BUTLER, J.   Frank D. Neighbors was insured under a policy issued by the appellee company against result of bodily injuries received at the time the policy was in force effected by external, violent and accidental means in the manner thereafter stated in the policy.  Neighbors, while riding a motorcycle, was run down and injured by an automobile, and died within a short time.  Suit was brought by the beneficiary, Emma E. Neighbors, appellant, and the case was submitted to the court sitting as a jury on an agreed statement of facts and the policy involved in the suit.

It was agreed that the policy was in full force and effect at the time of the injury, and that said injury occurred while the deceased was riding on one of the thoroughfares of North Little Rock on a motorcycle and was caused by his being struck from the rear by an automobile throwing him upon the pavement, the automobile passing by without striking his body.  From the effects of this accident the insured died within about two days.  The provision of the policy, in so far as it is material to the issues involved, provided that the insurer should be liable for injuries effected solely by external, violent and accidental means where the same was caused "by the collision of or by any accident to any private horse drawn vehicle or private motor driven automobile in which the insured is riding or driving."  The question we are called upon to determine is whether a motorcycle comes within the provision of the policy above quoted, it being the contention of the appellant that the word "automobile" as used in the policy is a generic term and includes motorcycle.

One line of decisions holds that in statutes passed for purposes of taxation or police regulation, the term "automobile" would include a motorcycle unless expressly excluded.  A typical decision is that of the *State v. Freels,* 136 Tenn. 483, 190 S. W. 454, where the validity of an act regulating the use of motordriven vehicles

was called in question on the ground that the caption of the act referred to regulation of "automobiles," while the body of the act regulated the operation "of any automobile, locomobile, motorcycle, or any other vehicle of like character" and was therefore violative of the constitutional provision that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title." The court held that as all intendments are in favor of the constitutionality of an act passed with requisite form and ceremony, and where one of two reasonable constructions would render the law obnoxious to the constitution and the other would not, the latter would be adopted by the court, and that, therefore, the word "automobile" as used in the caption was used by the Legislature as a generic term and intended to include by its use all self-propelled vehicles which would include motorcycles.

But in those cases where private contracts are entered into it appears to be the uniform holding of the courts passing upon that subject that, in a contract where the word "automobile" is used, it is to be taken in its ordinary and popular acceptation, which is a motordriven vehicle having four wheels, a body, sides and top, suitable and intended for the conveyance of persons, and does not include such a vehicle as a motorcycle. In the policy under consideration the liability is restricted to accidents to the insured while riding or driving in a private horse drawn vehicle or private motordriven automobile. In a suit upon a policy identical in its terms with that herein involved and upon a state of facts practically the same as here, *Anderson* v. *Life & Casualty Ins. Co. of Tenn.,* 197 N. C. 72, 147 S. E. 693, in holding that the appellant could not recover under the terms of the policy the court said: "Is a motorcycle a motordriven car? The question upon which we have no direct decision has been determined by decisions of other courts adversely to the contention of appellant. The clause under consideration, 'motor-driven car in which the insured is riding or driving' was construed by the Court

of Errors and Appeal of New Jersey in *Perry* v. *North American Accident Insurance Co.*, 104 N. J. 117, 138 Atl. 896." * * *

In *Salo* v. *North American Accident Insurance Co.*, 257 Mass. 303, 153 N. E. 557, the Supreme Court of Massachusetts said: "The word 'car' is ordinarily used in speaking of an automobile. It is a common expression describing an automobile. It is a matter of common knowledge that in ordinary conversation a motor cycle is not referred to as a car but as a motorcycle, and an accident insurance policy covering death in a wreck of a motor driven car does not cover death in a wreck of a motor cycle. The difference in mechanical construction of automobiles and motorcycles does not indicate that a common designation would apply to both. A motorcycle having ordinarily two wheels is a machine more in the nature of a bicycle equipped with motor power."

In the case of *Perry* v. *North American Accident Ins. Co.*, referred to by the court in the Tennessee case above quoted, it was held that a policy providing for the payment of certain sums in the event of death "by wrecking or disablement of any private horse-drawn vehicle or motor-driven car in which insured is riding or driving," did not include a motorcycle, and that the same was not a motor-driven car within the meaning and terms of the policy. The court said: "The policy uses the phrases 'horse-drawn vehicle' and 'motor-driven car.' A motorcycle is a vehicle. If motorcycles were intended to be included in the policy, the draftsman would have used the word 'motor-driven vehicle.' After using the word 'vehicle' in the phrase 'horse drawn vehicle,' it would seem that the use of the phrase 'motor-driven car' immediately afterward is significant and indicates a purpose to exclude such a vehicle as a motorcycle from the provisions of the policy. One riding on a motorcycle is more exposed to accident than one riding in a motor-driven car. A car stands upright on four wheels

whether in operation or stopped. It is protected by bumpers in front and rear. It has a body in which the passengers sit which protects them in some measure from the perils of the highway. One riding on a motorcycle cannot keep it in equilibrium when not in operation. When stopped, he must get off or place his feet, or one foot upon the ground. A motorcycle has not front or rear protection in the form of fenders or bumpers. It has no body for the protection of the rider. A rider is, therefore more exposed to dangers incident to congested traffic. For these reasons, which makes the risk of riding a motorcycle greater than riding in a motor-driven car, we think the rider of a motorcycle was intentionally excluded from the provisions of the policy by the use of the language employed.

"The use of the preposition 'in' in the clause of the policy reading 'or motor-driven car in which insured is riding or driving,' is also significant. One riding on a motorcycle is not referred to as riding 'in' a motorcycle, but 'on' a motorcycle. A passenger or one driving a car is not usually referred to as riding 'on' a car but 'in' a car. Where a policy uses the words 'or motor-driven car in which the insured is riding or driving,' it is for the purpose of limiting the insurer's liability. The reason is the one we have indicated, the greater safety of the insured 'in' a car. This distinction has been recognized in a number of cases."

To the same effect is the holding in the case of *Laporte* v. *North Ame. Acc. Ins. Co.*, 161 La. 933, 109 So. 767, 48 A. L. R. 1086, and *Colyer* v. *No. Ame. Acc. Ins. Co.*, 230 N. Y. S. 473, 132 Misc. Rep. 701.

The question here involved is comparatively new, and the above are all the cases which the industry of counsel or our own investigation have discovered. The reasoning of these cases and conclusion reached appear to us to be sound and in conformity with the common knowledge that when an automobile is spoken of we do not mean a motorcycle. The text from Berry on Auto-

mobiles, (2d ed.) p. 5: ''Unless expressly excluded, the motorcycle falls within the definition of the automobile as the terms has been used by the various State Legislatures, and also within the general definition heretofore given'' refers to regulatory or taxation statutes as we have before stated, and not to private contracts. We, therefore, conclude that the judgment of the trial court in holding that the accident to the insured did not come within the terms of the policy, and that the appellant could not recover, is correct, and it is affirmed.