BULLARD *v.* LIFE & CASUALTY INSURANCE COMPANY.

No. 9873.   MARCH 14, 1934.

*Fariss & Langford* and *Rosser & Shaw,* for plaintiff.
*Sizer, Chambliss & Kefauver* and *McClure & McClure,* for defendant.

Gilbert, J. A policy of life insurance is a contract. Civil Code (1910), § 2496. The cardinal rule for the construction of the contract is to ascertain the intention of the parties. § 4266. In arriving at the true interpretation of a contract, words usually bear their "usual and common signification." In common parlance, or according to usual signification of the word, an "automobile" is not a "motorcycle." Both are "motor-driven" vehicles, but not all "motor-driven" vehicles are "automobiles" nor are all "motorcycles." Had it been the intention of the parties that the insurance should cover accidents in riding a motorcycle, the policy would properly have used the words "motor-driven vehicles." That phrase would have been broad enough to include both "automobiles" and "motorcycles." When the word "automobile" is added to the words "motor-driven," so as to make the phrase "motor-driven automobile," the general term "motor-driven vehicle" is so restricted as to include only "automobiles" and to exclude "motorcycles." The motor-vehicle law (Ga. Laws 1927, p. 226), which provides for registration of "motor-vehicles, tractors, trailers, dealers," etc., defines the words "motor-vehicle" generally, and then contains a definition for the word "motorcycle." The license fees are so graduated and separated as to provide a different schedule of fees for the "motorcycle" from that of "passenger-carrying motor-vehicles," as follows: "Motorcycle, $5.00. . . Passenger-carrying motor-vehicles, $11.25," minimum fee, with an ascending scale according to gross weight of the vehicle. So that the General Assembly, in providing license taxes, separated motorcycles from the general class of motor-vehicles.

The Court of Appeals calls our attention to certain decisions of that court, and to authorities of other jurisdictions. The decisions of the Court of Appeals are not in conflict with what is here said, and it is unnecessary to discuss outside authorities.

*All the Justices concur.*