69 So.2d 300

STANDIFER   v.   INTER–OCEAN INS. CO.

4 Div. 242.

Court of Appeals of Alabama.

Dec. 22, 1953.

Archie I. Grubb, Eufaula, for appellant.

394

Grady G. Cleveland, Jr., Eufaula, for appellee.

HARWOOD, Judge.

Suit below was upon a policy styled an "Automobile and Travel Accident Certificate" issued by the defendant below, who is the appellee here. This policy provided indemnities for injuries sustained by the insured, the plaintiff below, "while riding in, or driving an automobile truck or commercial vehicle."

Under exceptions specified in the policy is the following:

"The term 'automobile,' 'automobile truck' or 'commercial vehicle' as used in this certificate shall not include a motorcycle with or without sidecar or other attachment; nor shall this certificate cover the Insured while riding a motorcycle with or without sidecar or other attachment."

While the policy was in force the insured was injured while driving or riding a Cushman motor scooter, said injury occurring while the scooter was being used in connection with the insured's business.

The evidence introduced by the insured in the trial below was directed .toward establishing the theory that because of certain differences between a motor scooter and a motorcycle, a motor scooter cannot be considered to be a motorcycle within the exclusion clause of the policy.

These differences as developed by the plaintiff's evidence are to the effect that a motorcycle costs about four times as much as a motor scooter; the horsepower of a motorcycle is about four times as great as that of a motor scooter; the speed of a motorcycle is about three times as great as that of a motor scooter; the weight of the motorcycle is four or five times that of a motor scooter; one has a transmission and the other does not; the rider of a motorcycle straddles the engine, while in a motor scooter the rider sits over the engine. Further, it was the view of appellant's expert witnesses that a motorcycle was more dangerous than a motor scooter because of the former's weight, speed, balance, etc.

The appellant introduced in evidence an advertising folder issued by the Cushman Motor Works, Inc., in which the Cushman "Pacemaker," the type and make of the scooter on which appellant was riding at the time of his injury, is pictured. There was also introduced in evidence a photograph of the vehicle itself, .taken after the accident.

All of these exhibits show the Cushman "Pacemaker" to be a two-wheeled vehicle, the wheels being tandem, with a motor placed in a housing toward the rear, and a seat for the rider constructed over the motor. The vehicle is guided by handle bars connected with the front wheel.

Appellant's evidence also shows that a Cushman "Pacemaker" motor scooter carries a motor of about four horsepower, and weighs about 250 pounds. Its wheels are from 8 to 10 inches in diameter.

The appellee offered no evidence in the trial below.

At the conclusion of all the evidence the court gave to the jury the appellee's requested affirmative charge, stating at the time:

"Let the record show that I am granting the defendant's affirmative charge under Title 36, [Sub] Sections 18 and 19, [of § 1], that it is a motorcycle under the definition as set out in the Code, and I will grant the affirmative charge for the defendant."

Subsections 18 and 19 of Section 1, Title 36, Code of Alabama 1940, referred to by the court are to be found in pocket parts of Volume 6, of our Code. They are defining provisions, and are as follows:

"(18) 'Motorcycle.' Every motor vehicle designed to travel on not more than three wheels in contact with the ground, except any such vehicle as may be included within the term 'tractor' as herein defined."

"(19) 'Motor Driven Cycle.' Every motorcycle, including every motor scooter, with a motor which produces not to exceed five horsepower, and every bicycle with motor attached."

As stated in appellant's brief, the sole question to be decided on this appeal is whether the vehicle upon which appellant was riding at the time of the accident is a motorcycle within the terms of the exceptions contained in the policy.

In his brief counsel for appellant argues that the lower court erred in giving the general affirmative charge for the appellee for that the differences shown by the evidence between a motorcycle and a motor scooter preclude the latter from being classed as a motorcycle.

It appears to us that the dissimilarities between a motorcycle and a motor scooter as shown by the evidence are merely distinctions without a difference, and in no way affect the fundamental character or classification of a motor scooter as a motorcycle.

In Webster's New International Dictionary a cycle is defined as "A bicycle, tricycle or other similar vehicle."

A motorcycle is nothing more than a cycle propelled by motor power, rather than by man power.

Indeed, in McDonald v. Life & Casualty Ins. Co., 168 Tenn. 418, 79 S.W.2d 555, and in Deardorff v. Continental Life Ins. Co., 301 Pa. 179, 151 A. 814, a motorcycle is defined as a bicycle having a motor attached so as to be self-propelled.

Under such conception clearly the vehicle in this case is a motorcycle.

Counsel for appellant further contends that because Subsection 19, supra, defining a "Motor Driven Cycle" as being every motorcycle, *including every motor scooter,* etc., was first enacted in 1949, whereas Subsection 18, supra, defining "Motorcycle" has been in our Code since 1927, demonstrates a legislative intent and understanding that a motor scooter is not to be considered as a motorcycle, otherwise no purpose would be served by including the phrase "including every motor scooter" in Subsection 19, supra.

We do not agree with this contention. Subsection 19, supra, is directed toward defining "Motor driven cycle." It follows immediately Subsection 18, defining "Motorcycle." Actually, the phrase, "including every motor scooter" adds nothing to the Subsection. However, its plain meaning is to include motor scooters in the category of motorcycles. No distinction is made between the two.

As stated in In re People's Rapid Transit Co. v. Dash, 125 N.Y. 93, 26 N.E. 25, 26, 10 L.R.A. 728: "And, again, it is well known that sometimes more words are used in a statute than are actually necessary to express the meaning of its framers. * * * If the language be broad enough, and there be no other ground for narrowing its actual meaning, it should not be narrowed because in some other statutes additional words have been used to express the same idea."

Further, in the words of the late Chief Justice Anderson, "The rule applicable to defining clauses is that they should be used only for the purpose of interpreting words that are ambiguous or equivocal and not so as to disturb the meaning of such that are plain." City Nat. Bank of Decatur v. Nelson, 218 Ala. 90, 117 So. 681, 685, 61 A.L.R. 938.

Thus, even if appellant's insistence that the statutory definitions contained in subsections 18 and 19, supra, be looked to, we find nothing therein which removes a motor scooter from being considered fundamentally a motorcycle.

Legislative definitions, formulated to meet the needs of particular statutes can be con-

sidered as nothing more than persuasive when the attempt is made to apply them to a field not contemplated by the statute of which they are a part.

We are here considering the interpretation of the words of a contract, not the interpretation of defining words used in connection with a statute whose purpose is in no way related to contractual obligations.

Words in contracts are ordinarily to be interpreted in accordance with their usual meaning, and where there is no ambiguity resort to rules of construction may not be had. Birmingham Water Works Co. v. Windham, 190 Ala. 634, 67 So. 424.

It would be necessary to torture the plain, normal, usual, and uniform lexicographical meaning of the word motorcycle to conclude that a vehicle, such as the motor scooter involved in this case, was not a motorcycle. And this even though contracts of insurance are to be construed most strongly against the insurer.

Affirmed.