71 So.2d 121

### LIFE & CASUALTY INS. CO. OF TENNESSEE

v.

### KING.

6 Div. 756.

Court of Appeals of Alabama.

Dec. 22, 1953.

Rehearing Denied Jan. 12, 1954.

Jones, McEachin & Ormand, Tuscaloosa, for appellant.

De Graffenried & de Graffenried, Tuscaloosa, for appellee.

**CARR, Presiding Judge.**

This cause is based on a policy of insurance which provides benefits for injury or death caused by accidental means.

In the court below the case was tried on the following agreed statement of facts:

"Now come the parties in the above styled cause and agree to submit this cause to the Court, sitting without a jury, upon the following agreed statement of facts, it being agreed by and between the plaintiff and the defendant that the following are the facts in the case and that the matters in controversy are questions for determination are ones of law and fact for the Court, the facts of the case being agreed upon, as follows:

"That the defendant in this case issued its policy number G–15966004 insuring William H. King against the risks covered in said policy. The original insurance policy is introduced in evidence by the plaintiff contemporaneously with the filing in Court of this agreed statement of facts, and is made a part hereof. The said insurance policy was in force at the time of the death of said William H. King.

"The plaintiff in this case, Cotha G. King, is named as beneficiary in said insurance policy.

"The insured, William H. King, died within 30 days after said accident and due notice thereof was given to defendant by plaintiff, as a result of an accident which occurred on or about August 16, 1952, while the said William H. King was riding and operating a motor vehicle known as a Cushman Motor Scooter, a picture of which is attached to and made a part of this agreed statement of facts, the said motor vehicle or motor scooter being propelled by a gasoline engine located in or on the frame between the wheels of said vehicle and the said vehicle being mounted on two wheels, being designed to travel on two wheels in contact with the ground. The accident which proximately caused the death of the said William H. King occurred on a public highway and the travelled and improved portion thereof of said highway in the City of Tuscaloosa, Alabama while the insured was riding in or on the above described vehicle when this vehicle collided with or ran into an automobile which was parked and unoccupied and which automobile was not in motion in any way, the said parked automobile being parked parallel to and near the curb of said public highway which

street is a public street or highway located in the City of Tuscaloosa, Alabama. A picture of said automobile as it appeared immediately after the accident being attached hereto and made a part hereof.

"This agreed statement of facts made, and entered into on this the 23rd day of April, 1953."

From an observation of the picture of the motor scooter in question we think that it is fairly accurate to state that the wheels are about 15 or 18 inches in height; and that the scooter weighs about 250 or 300 pounds. At the rear there appears to be a luggage compartment.

The policy provides benefits: "If the insured shall as a result of being struck by the vehicle itself and not by coming in contact with some object loaded on or attached thereto, or some object struck and thrown against the insured by said vehicle, which is being pulled or propelled by horse or motive power, while the insured is walking, standing or riding a bicycle on the actual surface of a public highway as hereafter defined," suffer injury, etc.

The contract contains this limiting provision: "This policy does not cover the insured while riding in or on a motorcycle, or in or on any sidecar, trailer, or other attachment to a motorcycle or motor driven vehicle, nor does it cover anyone while on any vehicle used as part of the equipment of a fire or police department."

The policy was issued on July 5, 1943. The premium was only five cents a week.

The judge of the lower court set out his conclusions in an opinion in which he stated in part: "It therefore appears that the defendant, when drafting said insurance policy, had in mind that the exception did not exclude all motor driven vehicles, and as the policy of insurance covered the insured only while riding a vehicle which would generally be classified as a bicycle, it is seen that the defendant had in mind that there were other two-wheel vehicles powered by a motor other than a motorcycle. The Court is of the opinion that the motor scooter in question is such a vehicle;

and is not a motorcycle, and is not included in said exception."

In the opinion also the trial judge states in effect that immediately after the cause was submitted he sent his bailiff to the Harley-Davidson dealer and the Cushman Motor Scooter dealer in the City of Tuscaloosa, Alabama, and obtained certain pamphlets which were used for advertising purposes. He stated also that he wrote to Sears, Roebuck and Company, Atlanta, Georgia, for material descriptive of motorcycles, motor scooters, and motor bikes.

The judge made these advertising matters and letters a part of his opinion and specifically attached them as a part thereof.

It is unmistakably clear that his conclusions were based to a great extent on a study and consideration of the evidence obtained in the manner above indicated.

■ These exhibits were forwarded to this court with the record, but we are not authorized to consider them in approaching our review. Montgomery v. Bostick, 225 Ala. 597, 144 So. 584.

■ As we view our task, we should take only the facts which are stipulated by agreement. If, on the basis of these stipulations, we conclude that the motor scooter in question is to be classified as a motorcycle and therefore coming within the exclusion or limiting clause of the policy, we should reverse the judgment below. In this event the cause should be rendered and not remanded. Title 7, § 744, Code 1940; Title 7, § 260, Code 1940; Bank of Guntersville v. Jones Cotton Co., 156 Ala. 525, 46 So. 971.

"Bicycle, a light steel vehicle consisting of two wheels arranged tandem, united by a frame with the rider's seat upon it; propelled by his feet acting on the pedals connected with one of the axles, at present that of the rear wheel; and steered by a handle-bar guiding the direction of the front wheel. As at present constructed the wheels are of equal size; the driving mechanism is usually a chain with the links fitting over a sprocket-wheel, but about one

in 25 are (sic) chainless, mainly with a shaft and bevel driver; the weight is 23 to 27½ pounds, complete; the frame is of hollow cold-drawn tubing, with brazed joints; the wheels are suspension, with crossed tangent spokes, wooden rims, pneumatic tires and ball bearings." Vol. 3, The Encyclopedia Americana. See also Webster's New International Dictionary, 2nd Edition, p. 264.

"Motor cycle, a two-wheeled vehicle resembling the bicycle, propelled by an internal combustion engine slung in the frame between the wheels. The operator sits astride the frame on a saddle and steers the vehicle by handle-bars after the manner of the bicyclist. The engine, now usually of two-cylinders, is air-cooled. The power is conveyed to the rear through a transmission gear box by a shaft or sprocket chain. The later models of these machines dispense with the pedals which were employed to start the engine in the earlier machines. The right foot-rest of the modern machines carries a toothed sector used to turn the engine shaft in starting. Control and operation are analogous to those of the automobile." Vol. 19, The Encyclopedia Americana. See also, Webster's New International Dictionary, 2nd Edition, p. 1600.

Because of the unusual risk assumed by those riding upon a motorcycle, it is plain that these machines were excluded intentionally from the coverage in the policy.

We see no logical reason, from the standpoint of risk and liability, why the insurer should exclude motorcycles and not exclude such dangerous machines as motor scooters—the kind on which the insured was riding at the time of his death.

In the case of Standifer v. Inter-Ocean Insurance Co., Ala.App., 69 So.2d 300, the policy contained this limiting provision: "* * * nor shall this certificate cover the Insured while riding a motorcycle with or without sidecar or other attachment."

The insured was injured while driving or riding a Cushman Motor Scooter. This machine was identical in every respect to the one of concern in the case at bar.

In response to the review Judge Harwood, writing for this court, went into the matter with considerable care and study. He concluded: "It would be necessary to torture the plain, normal, usual, and uniform lexicographical meaning of the word motorcycle to conclude that a vehicle, such as the motor scooter involved in this case, was not a motorcycle. And this even though contracts of insurance are to be construed most strongly against the insurer."

■ Clearly this is decisive of the question of instant concern. We will adopt this holding as the law of the case at bar and conclude by citing some authorities which do not appear in Judge Harwood's opinion. People v. Smith, 156 Mich. 173, 120 N.W. 581, 21 L.R.A.,N.S., 41; Green v. Pedigo, 75 Cal.App.2d 300, 170 P.2d 999; 27 Words and Phrases, Motorcycle, p. 698; 60 C.J.S., Motor Vehicles, § 6, p. 115.

It follows that on the agreed statement of facts the judgment below must be reversed. A judgment here will be rendered in favor of the appellant, the defendant at nisi prius.

Reversed and rendered.