TEXAS CASUALTY INSURANCE COMPANY, Appellant,

v.

Charles WYBLE, Appellee.

No. 13574.

Court of Civil Appeals of Texas.

San Antonio.

March 9, 1960.

Nye & Cohn, Corpus Christi, for appellant.

C. Burtt Potter, Wayne W. Wilson, Corpus Christi, for appellee.

POPE, Justice.

Plaintiff, Charles Wyble, recovered $1,-000.00 damages under a Family Automobile Policy issued by defendant, Texas Casualty Insurance Company. Plaintiff's son, while riding a motor scooter was struck by an automobile. The only point in the case is the meaning of the exclusionary clause of the policy relied upon by insurer.

Plaintiff claimed under the policy provision which obligated insurer to pay all reasonable medical expenses[1] caused by being struck by an automobile.[2] Insurer admits that plaintiff's son was struck by an automobile, but denies liability under this policy provision:

"Exclusions. This policy does not apply under Part 11 to bodily injury:

"(b) sustained by the named insured or a relative

"(1) while occupying an automobile owned by or furnished for regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile', * * *."

The term "owned automobile" is then defined to mean a private passenger or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile.[3]

Insurer's defense and his point here is that a scooter is an automobile, and that the policy excuses injuries sustained while plaintiff's son was occupying the automobile that the plaintiff owned. The clause is peculiar and perhaps self-contradictory, but the parties have met upon the issue: "Is a scooter an automobile?" Plaintiff says it is not; defendant says it is. The term "automobile" is narrower than the terms "vehicle" and "motor vehicle." In the absence of words in the policy which indicate a different meaning, it has been held that the term "automobile" is not broad enough to embrace a motorcycle. Neighbors v. Life & Casualty Ins. Co. of Tennessee, 182 Ark. 356, 31 S.W.2d 418; Bullard v. Life & Casualty Ins. Co., 49 Ga.App. 27, 174 S.E. 256; Id., 178 Ga. 673, 173 S.E. 855; Wallnitz v. Werner, Mo.App., 241 S.W. 668; Deardorff v. Continental Life Ins. Co., 301 Pa. 179, 151 A. 814; McDonald v. Life & Casualty Ins. Co., 168 Tenn. 418, 79 S.W.2d 555; Moore v. Life & Casualty Ins. Co., 162 Tenn. 682, 40 S.W.2d 403.

It would seem that a scooter is even farther removed from the term "automobile" than is a motorcycle. Life & Casualty Ins. Co. of Tennessee v. King, 37 Ala.App. 435, 71 So.2d 121; Id., 260 Ala. 699, 71 So. 2d 124; Standifer v. Inter-Ocean Ins. Co., 37 Ala.App. 393, 69 So.2d 300.

---

1. "Coverage C—Medical Payments To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services."

2. "Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile; * * *."

3. "'owned automobile' means a private passenger or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile; * * *."

Defendant's argument that a motor scooter is an automobile within the meaning of the exclusionary terms of the policy must therefore be overruled. A motor scooter is not an automobile.

The judgment is affirmed.