RAWLS, Judge.
By this appeal appellant poses the single question of whether a motor scooter is encompassed within the general phrase “automobile” or within the exclusionary phrase “motorcycle” in construing an insurance policy.
Appellant-Plaintiff Navarra was injured in a vehicle! accident while operating a motor scooter in Holly Hill, Florida. He was covered under a group insurance policy issued by defendant insurance company, which policy provided hospital benefits for injuries resulting by reason of an automobile accident. The salient clause provided for benefits if the injuries were sustained:
“While riding within or driving any private automobile of the exclusively pleasure type (motorcycles excepted), or any horse-drawn vehicle, of the exclusively pleasure type.”
The exclusionary clause as to motorcycles is further defined in the policy under Definitions as:
“The term ‘automobile’ as used in the Policy does not include tractors, trucks, trailers, road or farm machinery, motorcycles or any vehicle or device for aerial navigation.”
A summary final judgment was entered by the trial court in favor of the defendant insurance company.
By way of argument, appellant urges that doubtful language in insurance *29 contracts is to be construed in favor of the policyholder and against the carrier, and that an exclusionary phrase should be controlled by this rule. Such proposition is so well settled that it needs no citation. However, it is an equally sound principle of law that a court will not distort the definitions of words that are utilized in the normal course of the English language in order to impose liability by reason of an insurance contract.
In common parlance, or according to usual signification of the word, an “automobile” is not a “motorcycle,” although both are “motor-driven” vehicles. Bullard v. Life & Casualty Insurance Company, 178 Ga. 673, 173 S.E. 855 (1934). Our sister state of Alabama in Life & Casualty Insurance Company of Tennessee v. King, 37 Ala.App. 435, 71 So.2d 121 (1953), has defined a “motorcycle” as a two-wheeled vehicle resembling the bicycle, propelled by an internal combustion engine slung in the frame between the wheels. Pennsylvania has defined “motorcycle” as a bicycle propelled by a gasoline engine located in the frame between the wheels. Eclipse Machine Company v. Harley-Davidson Motor Company, 252 F. 805 (3rd Cir. 1918).
The Texas Civil Court of Appeals has held that a motor scooter was not an “automobile” within family automobile policy exclusion of coverage for injuries sustained while occupying an “automobile” owned by or furnished for regular use of either named insured or any relative; and insured could recover under policy when his son was struck by automobile while riding motor scooter. Texas Casualty Insurance Company v. Wyble, 333 S.W.2d 668 (Tex.Civ.App.1960).
These definitions obviously apply to a motor scooter. Alabama in Standifer v. Inter-Ocean Insurance Company, 37 Ala.App. 393, 69 So.2d 300 (1953), defines a “motor scooter” as a motorcycle within terms of policies providing indemnities for injuries sustained by insured while riding, or driving, automobile, truck or commercial vehicle but providing that policy should not cover insured while riding “motorcycle”.
The trial court was eminently correct in applying the exclusionary clause in favor of the insurance company.
Affirmed.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.