Carl Calvin FUTRELL, Appellant,

v.

INDIANA LUMBERMENS MUTUAL IN-SURANCE COMPANY, Appellee.

No. 15795.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 16, 1971.

Rehearing Denied Oct. 7, 1971.

W. Leo Theiss, Sr., Houston, for appellant.

Frank B. Stahl, Jr., Houston, Watkins & Hamilton, Houston, of counsel, for appellee.

PEDEN, Justice.

Suit for medical payment benefits under an automobile insurance policy. The insured sued the insurer for medical expenses incurred by his minor son, who was injured while riding a motorbike when it collided with a motorcycle. Appellant contends that the trial court erred in concluding that a motorcycle is not an automobile within the meaning of that term as it is used in the medical payments coverage of the Texas family combination automobile insurance policy.

The parties filed this stipulation as to the facts of the case:

"On or about March 15, 1970, Carl C. Futrell, Jr., age 14, was riding a two-wheel vehicle known in common parlance and in every day usage as a motorbike which belonged to his father and the Plaintiff in the case at bar, Carl C. Futrell. In the vicinity of the 1000 block of Peach Springs, a collision occurred between the vehicle being ridden by Carl C. Futrell, Jr., and a two-wheel vehicle powered by an internal combustion engine. The latter vehicle is known as a motorcycle in popular and common usage of that term. Carl C. Futrell, Jr., sustained injuries as a result of said collision which necessitated medical treatment and services. The reasonable and necessary expense of the medical treatment and services rendered to Carl C. Futrell, Jr., exceeded $2,000.00.

"On March 15, 1970, there existed an insurance contract entered into between the Plaintiff and the Defendant entitled: 'Family Combination Automobile Policy-Texas.' The number of said policy was FCA 6537270. The automobile insured under said policy was a 1969 Chevrolet station wagon, identification No. 1643695120247 owned by Carl C. Futrell. Carl C. Futrell had paid a premium of $17.00 to the Defendant, Indiana Lumbermens Mutual Insurance Company, for coverage under Part II of said policy entitled 'Expenses for Medical Services.'"

A certified copy of the insurance policy was attached to the stipulation and made a part of it. Each party moved for summary judgment in reliance on the stipulation. The trial court granted that of the insurer and denied that of the insured. Findings of fact made by the trial judge include the stipulation and the material provision of the policy. The court concluded that a motorcycle is not an automobile within the meaning of Part II, Coverage C, Division 1(c) of the policy.

The provision in question was

"Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of acci-

dent for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident,

(a) while occupying the owned automobile,

(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or

(c) through being struck by an automobile or by a trailer of any type; * * *."

■ The policy contains definitions of "owned automobile," "temporary substitute automobile," "non-owned automobile," "private passenger automobile," "farm automobile" and "utility automobile," but it does not contain a definition of "automobile."

We find nothing ambiguous in the term "automobile," and no indication that it was used in a technical or different sense.

Terms used in an insurance contract are given their ordinary and generally accepted meaning unless the policy shows the words were meant in a technical or different sense. Western Reserve Life Insurance Co. v. Meadows, 152 Tex. 559, 261 S.W.2d 554 (1953); Guardian Life Insurance Co. of America v. Scott, 405 S.W.2d 64 (Tex.Sup. 1966).

In Texas Casualty Insurance Co. v. Wyble, 333 S.W.2d 668 (Tex.Civ.App.1960, no writ) the court held:

"The term 'automobile' is narrower than the terms 'vehicle' and 'motor vehicle.' In the absence of words in the policy which indicate a different meaning, it has been held that the term 'automobile' is not broad enough to embrace a motorcycle. Neighbors v. Life & Casualty Ins. Co. of Tennessee, 182 Ark. 356, 31 S.W.2d 418; Bullard v. Life & Casualty Ins. Co., 49 Ga.App. 27, 174 S. E. 256; Id., 178 Ga. 673, 173 S.E. 855; Wallnitz v. Werner, Mo.App., 241 S.W. 668; Deardorff v. Continental Life Ins. Co., 301 Pa. 179, 151 A. 814; McDonald v. Life & Casualty Ins. Co., 168 Tenn. 418, 79 S.W.2d 555; Moore v. Life & Casualty Ins. Co., 162 Tenn. 682, 40 S. W.2d 403."

The judgment of the trial court is affirmed.