The MEMBERS MUTUAL INSURANCE COMPANY, Appellant,

v.

William N. RANDOLPH et al., Appellees.

No. 15863.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 10, 1972.

Rehearing Denied March 3, 1972.

Gordon A. Holloway, Houston, for appellant; Sewell, Junell & Riggs, Houston, of counsel.

Stovall & Wilhite, Inc., George W. Wilhite, Houston, for appellees.

COLEMAN, Justice.

This is a suit brought under the uninsured motorist provisions of a policy of insurance issued to William N. Randolph. Judgment for the cross-plaintiff was entered after a jury trial.

The principal issue involved on this appeal is the question of whether an uninsured motorcycle is included within the terms of the uninsured automobile coverage of the policy. We hold that an uninsured motorcycle is not an uninsured automobile, and that the insurance policy involved in this suit does not protect against the loss sustained.

The accident out of which this suit arose occurred on September 29, 1967. Ronald Lee Randolph, fourteen years of age, was attending a birthday party. While he was standing in his host's front yard, Stanley Kline lost control of the motorcycle he was riding, fell off, and the motorcycle skidded on its side across the street and struck Ronald Lee causing him to suffer serious injuries.

This suit was instituted by appellant as a declaratory judgment action naming Ronald Lee Randolph, his father, William N. Randolph, and his wife, Peggy Randolph, as parties. A cross-action for damages was filed naming Stanley Kline and Members Mutual as cross-defendants. The jury found damages in a sum in excess of $20,000.00. Judgment was entered against Members Mutual in the amount of $10,000.00 and against Kline for the balance of the jury award.

The policy provides that the company is:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured automobile* because of bodily injury, sickness, or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such *uninsured automobile*; . . .

" . . . . . .

" 'Uninsured automobile' includes a trailer of any type and means:

"(A) an *automobile* or trailer with respect to the ownership, maintenance or

use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such *automobile*, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the Company writing the same denies coverage thereunder, or with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the Company writing the same is or becomes insolvent, or

"(B) A hit-and-run *automobile*;

"But the term 'uninsured automobile' shall not include:

"(1)

"(2)

"(3)

"(4) A land motor vehicle or trailer if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or

"(5) A farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads." (emphasis added)

The trial court erred in refusing appellant's motion for instructed verdict. Once it is determined that the insurance policy issued by appellant does not furnish coverage against damage caused by an uninsured motorcycle, a question of law, there are no material issues of fact with which this defendant is concerned.

The coverage question is one of first impression in Texas, although the question of whether a motorcycle is included within the term automobile has arisen in cases

applying the "owned vehicle" exclusion and the "medical pay" provisions of the Texas Standard automobile policy. Texas Casualty Insurance Co. v. Wyble, 333 S.W.2d 668 (Tex.Civ.App.-San Antonio 1960); Futrell v. Indiana Lumbermens Mutual Insurance Company, 471 S.W.2d 926 (Tex. Civ.App.-Houston, 1st, 1971).

Many cases have held that a motorcycle is not an automobile. Anno., 38 A.L.R.2d 867 (1954). This is the holding in both *Wyble* and *Futrell,* supra. Appellee contends that we are not concerned with the meaning of the word "automobile", but that we must determine the meaning of the term "uninsured automobile", which should be construed as being more comprehensive because of the reference to the "financial responsibility law of the state" in the policy definition and because the exclusions indicate that "uninsured automobile" was used to mean "uninsured motor vehicle." [See Article 5.06–1, Insurance Code (1971 Supp.), V.A.T.S., which had not become effective on the date of the accident.]

■ The coverage involved here was not mandatory at the time the policy was written, nor at the time of the accident. The provisions of the Texas Financial Responsibility Law and of Art. 5.06–1, Insurance Code, are not incorporated into the contract. Fischer v. Simon, 95 Tex. 234, 66 S.W. 447, 882 (1902); 53 Tex.Jur.2d, Statutes, § 27 (1964); 32 Tex.Jur.2d, Insurance, § 50 (1962).

The term "uninsured automobile" is defined in the policy. The definition includes as vehicles covered by the policy only trailers, hit-and-run automobiles, and automobiles that are not covered by a good liability insurance policy or liability bond in an amount equal to or in excess of the amount required by the state financial responsibility law. Unless the vehicle involved in the accident on which the claim is based is a trailer or an automobile, it

does not come within the policy definition of an "uninsured automobile."

In Futrell v. Indiana Lumbermens Mutual Insurance Company, supra, we said:

"We find nothing ambiguous in the term 'automobile,' and no indication that it was used in a technical or different sense. Terms used in an insurance contract are given their ordinary and generally accepted meaning unless the policy shows the words were meant in a technical or different sense." (citation omitted)

Since there is no ambiguity in the policy definition of the term "uninsured automobile", there is no occasion for construction, and the language must be given its plain meaning. A rule of construction cannot be invoked to create an ambiguity. Transport Insurance Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284 (1960); Beeler v. Pennsylvania Threshermen & Farmers Insurance Company, 48 Tenn.App. 370, 346 S.W.2d 457 (1960).

The only evidence in the record that Stanley Paul Kline is uninsured consists of certain requests for admission directed to Kline, which were not answered. By order of the court these requests were deemed admitted. This evidence is hearsay as to Members Mutual. Davis v. Coastal States Petrochemical Company, 405 S.W.2d 854 [Tex.Civ.App.-Houston (1st) 1966]. Hearsay evidence, although admitted without objection, has no probative force and, alone, cannot support a judgment. Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376 (1959). The deemed admitted answers to the requests for admission, being hearsay as to appellant, cannot form the basis for a finding that the claimed uninsured motorist is in fact uninsured.

Appellant objected to the deemed answers to the requests for admission, served only on its co-defendant and establishing that he was uninsured, for the reason that as to it the deemed answers were hearsay. The trial court erred in overruling the objection. The evidence was not material to any issue in the case against Kline. It was not necessary for appellant to request an instruction that the evidence be admitted against Kline only.

Appellees had the burden of proving by competent evidence that Stanley Paul Kline was an uninsured motorist in order to establish a cause of action against their insurance carrier Members Mutual Insurance Company v. Tapp, 469 S.W.2d 792 (Tex.1971).

Appellant was a cross-defendant in the suit, and participated in the trial of all issues including those concerning liability and damages. Cross-defendant, Stanley Paul Kline, was represented at the trial by an attorney. Appellant's position at the trial was adverse to that of appellees. The trial court was not in error in permitting appellant to defend its interests with regard to the liability of Kline and the amount of damage suffered by Ronald Lee Randolph. Allstate Insurance Company v. Hunt, 469 S.W.2d 151 (Tex.1971); State Farm Mutual Automobile Insurance Company v. Matlock, 462 S.W.2d 277 (Tex. 1970). Appellant is not estopped by its conduct in defending this suit to deny that Kline was operating an uninsured automobile.

Appellant has complained of the action of the trial court in taxing the fee allowed the guardian ad litem against it. Appellant filed a motion asking that a guardian ad litem be appointed. The trial court entered an order appointing a guardian ad litem, in which he stated that a reasonable fee would be allowed the guardian and taxed against the plaintiff (appellant) as a part of the costs. While this action was premature, it was an interlocutory order and sub-

ject to being changed. After the minor defendant married, appellant filed a motion asking that the guardian be discharged. This motion was granted and in this order compensation for the services of the guardian was decreed and ordered taxed as court costs against appellant. Appellant excepted to each of these orders. The final judgment entered in this cause taxed all costs against appellant. The previous interlocutory orders were merged into the final judgment.

■■■ The court did not err in taxing the fee allowed the guardian ad litem against appellant. The fee allowed a guardian ad litem appointed to protect the interests of a minor defendant is considered to be costs incurred by the plaintiff for which he is liable in the event such costs cannot be collected from the party against whom they are adjudged. Rule 127, Texas Rules of Civil Procedure. Such a fee should be taxed against the minor defendant provided the judgment is unfavorable to him, and he has an estate from which the fee can be collected. If the minor does not have a sufficient estate, then the fee should be taxed against the successful plaintiff. The fee should not be taxed as costs against other defendants unless facts or circumstances are shown by the record from which it clearly appears that they should in fairness be required to pay part or all of the fee. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81 (1943). The record before us supports the action of the trial court in taxing the guardian ad litem fee against appellant. Since this judgment must be reversed, all other costs in the trial are taxed against Stanley Kline, who did not join in this appeal. The costs on appeal are taxed against appellees. The judgment in so far as it affects Stanley Kline will not be disturbed. The judgment awarding damages against appellant is reversed and judgment is here rendered that appellees take nothing against Members Mutual Insurance Company.