314 So.2d 159 (1975)
Joyce Estelle LOFTUS, Appellant,
v.
PENNSYLVANIA LIFE INSURANCE COMPANY, Appellee.
No. 74-1103.
District Court of Appeal of Florida, Fourth District.
May 23, 1975.
Rehearing Denied July 2, 1975.
Reed A. Bryan of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant.
Roy R. Watson, II., of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellee.
WALDEN, Judge.
Plaintiff's decedent had an insurance policy which provided benefits for:
"accidental bodily injury sustained while driving or riding within any automobile, truck or bus for business or pleasure... ." (Emphasis added.)
Deceased was killed while riding a motorcycle. The trial court held, after trial with no jury, that the terms of the policy did not cover accidental injury to the insured while he was riding a motorcycle. Plaintiff appeals. We affirm.
In Valdes v. Prudence Mutual Casualty Co., 207 So.2d 312 (3d DCA Fla. 1968), an insurance company attempted to argue that an automobile and a motor scooter were the same. The insured had been injured on a motor scooter and an exclusionary clause relieved the company from liability if insured were occupying an automobile, other than an insured automobile, owned by the named insured or any relative resident in the same household. That court held the term "automobile" did not include a motor scooter, and that the exclusionary clause did not relieve the company from liability. There is an inference by the court that that policy defined automobile as a "four wheeled vehicle," but nonetheless the court relies upon the rule that unambiguous language requires no special construction or interpretation. See Ranger Ins. Co. v. Harrell, 286 So.2d 261 (2d DCA Fla. 1973).
*160 In Navarra v. Central Nat'l Ins. Co. of Omaha, 232 So.2d 28 (1st DCA Fla. 1970), an insurance clause provided for benefits if the injuries were sustained:
"While riding within or driving any private automobile of the exclusively pleasure type (motorcycles excepted), or any horse-drawn vehicle, of the exclusively pleasure type."
The appellant had been injured on a motor scooter. The court held the scooter to be analogous to a motorcycle, and denied coverage, while including in its opinion the following statement in support of its decision that a motor scooter was not a car under the terms of the policy:
"In common parlance, or according to usual signification of the word, an `automobile' is not a `motorcycle,' although both are `motordriven' vehicles. Bullard v. Life & Casualty Insurance Company, 178 Ga. 673, 173 S.E. 855 (1934). Our sister state of Alabama in Life & Casualty Insurance Company of Tennessee v. King, 37 Ala.App. 435, 71 So.2d 121 (1953), has defined a `motorcycle' as a two-wheeled vehicle resembling the bicycle, propelled by an internal combustion engine slung in the frame between the wheels. Pennsylvania has defined `motorcycle' as a bicycle propelled by a gasoline engine located in the frame between the wheels. Eclipse Machine Company v. Harley-Davidson Motor Company, 252 F. 805 (3rd Cir.1918).
"The Texas Civil Court of Appeals has held that a motor scooter was not an `automobile' within family automobile policy exclusion of coverage for injuries sustained while occupying an `automobile' owned by or furnished for regular use of either named insured or any relative; and insured could recover under policy when his son was struck by automobile while riding motor scooter. Texas Casualty Insurance Company v. Wyble, 333 S.W.2d 668 (Tex.Civ.App. 1960).
"These definitions obviously apply to a motor scooter. Alabama in Standifer v. Inter-Ocean Insurance Company, 37 Ala.App. 393, 69 So.2d 300 (1953), defines a `motor scooter' as a motorcycle within terms of policies providing indemnities for injuries sustained by insured while riding, or driving, automobile, truck or commercial vehicle but providing that policy should not cover insured while riding `motorcycle'." (Emphasis added.) Id. at 29.
We are referred by appellant to Dorrell v. State Fire and Casualty Co., 221 So.2d 5 (3d DCA Fla. 1969), in which the court held a defendant, injured while on a motorcycle, was covered when "automobile" was defined in a policy provision as
"... a land motor vehicle or trailer not operated on rails or crawlertreads, but does not mean: (1) a farm type tractor or other equipment designed for use primarily off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle."
The Third District applied the maxim "expressio unius est exclusio alterius" and concluded the policy defined "automobile" as all land vehicles except those specifically excluded. There is no such definition clause in the instant policy and there are no pertinent exclusion clauses. We are faced directly with the question of whether a motorcycle is "any automobile" as defined in the policy. In Webster's 3d New International Dictionary (1966) the two terms are defined:
"Motorcycle: a 2-wheeled tandem automotive vehicle having one or two riding saddles and sometimes having a third wheel for the support of a sidecar.
"Automobile: the usual 4-wheeled automotive vehicle designed for passenger transportation on streets and roadways *161 and commonly propelled by an internal combustion engine using a volatile fuel (as gasoline)  called also a car ... ."
In light of the applicable law, modern definitions, and the practical rule that courts will not distort the definition of words utilized in the normal course of the English language in order to impose liability upon an insurer, Navarra v. Central Nat'l Ins. Co. of Omaha, supra, we hold the terms "automobile" and "motorcycle" are not here synonymous. The word "automobile" used alone is not ambiguous and unambiguous terms must be accorded their natural meaning. Ranger Ins. Co. v. Harrell, supra; Allison v. Imperial Cas. and Indem. Co., 222 So.2d 254 (4th DCA Fla. 1969). See, Annot. 43 ALR3d 1400 (1972). It is notable that the policy says "automobile, truck or bus... ." If all automotive vehicles were to be included in the word "automobile," as appellant would contend, there would be no need for the descriptive terms, "truck" and "bus."
It is a desirable goal for insurance policies to be understandable to the lay person, See Fontainebleau Hotel Corp. v. United Filigree Corp., 298 So.2d 455 (3d DCA Fla. 1974). It can not be denied that in the common lexicon the word automobile does not connote "motorcycle." If we adopted any other interpretation to afford coverage, we would serve neither the public nor the insurers, as insurance policies would instantly be made more complicated to foreclose such forced interpretations.
We hold that decedent here was not protected under the instant insurance contract.
Affirmed.
OWEN, C.J., and KAPNER, LEWIS, Associate Judge, concur.