ANSTEAD, Judge.
On stipulated facts the trial court held that the appellant’s “dirt bike” was a mo- *1313 toreycle within the meaning of an exclusion contained in Section 627.736, Florida Statutes (1977) and that therefore the appellant was not entitled to personal injury protection benefits from the appellee. We affirm.
Section 627.736 provides that persons injured while occupying motorcycles which come in contact with a motor vehicle are precluded from recovering personal injury protection benefits. By stipulation the parties herein agreed that the vehicle in question, a Model F-ll Kawasaki with a 250 cc engine, would unquestionably be a motorcycle if it was equipped for public street use; i. e., if it contained a headlight, etc. However, the appellant contends that because the vehicle was stripped down so as to be legally operable only off the road, the vehicle lost its identity as a motorcycle.
The appellant relies on the case of Roberts v. Carter, 316 So.2d 640 (Fla. 4th DCA 1975) wherein this court held that a stripped-down automobile described as a “thing” and used solely for stock car racing was not an automobile within the meaning of an exclusion in a homeowner’s policy which itself partially defined an automobile as not being a vehicle which is designed for use off public roads. This court affirmed the trial court’s holding that the “thing” was not an automobile within the policy definition since it was a vehicle designed for use off public roads. We do not believe the Roberts decision is of any aid to the appellant here. There is no statutory or policy language available to the appellant here to exclude motorcycles stripped-down for off-road usage.
In Loftus v. Pennsylvania Life Insurance Co., 314 So.2d 159 (Fla. 4th DCA 1975) we held that courts should not distort the usual definition of words in order to impose liability upon an insurer. In State Farm Mutual Automobile Insurance Company v. Nicholson, 337 So.2d 860 (Fla. 2d DCA 1976), the Second District cited the Loftus decision in defining a motorcycle as:
a 2-wheeled tandem automotive vehicle having one or two riding saddles and sometimes having a third wheel for the support of a sidecar.
Although the definition of motorcycle has also been discussed in other contexts[1] we believe the trial court was correct in its application of the plain meaning concept set out in Loftus, supra. In short, we agree that the vehicle in question, under the stipulation of facts agreed to by the parties, is a motorcycle within the meaning of that term as used in Section 627.736 absent the existence of any statutory or policy language to indicate another definition of the term.
Accordingly, the final summary judgment of the trial court is affirmed.
MOORE and BERANEK, JJ., concur.

. State Farm Mutual Automobile Insurance Company v. O’Kelley, 349 So.2d 717 (Fla. 1st DCA 1977).