443 So.2d 408 (1984)
SOUTHEASTERN FIRE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Daniel LEHRMAN, Appellee/Cross-Appellant.
No. 83-578.
District Court of Appeal of Florida, Fourth District.
January 4, 1984.
Rehearing Denied February 3, 1984.
James T. Walker of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., Fort Pierce, for appellant/cross-appellee.
Osborne Walker O'Quinn, Fort Pierce, for appellee/cross-appellant.
ANSTEAD, Chief Judge.
This is an appeal from a final judgment assessing damages against the appellant insurance company for a loss by theft of the appellee insured. We believe the trial court erred in construing an insurance policy to include coverage for the appellee's customized show motorcycle where the policy specifically excluded from coverage "motorized vehicles, except such vehicles pertaining to the service of the premises and not licensed for road use." It is undisputed that appellee's motorcycle is a "motorized vehicle" and that such vehicle was not one "pertaining to the service of the premises" upon which appellee resided. Under such circumstances the motorcycle was excluded from coverage.
Courts should resort to complex rules of construction to determine coverage or the applicability of exclusions only when the language used in the policy is ambiguous or otherwise susceptible of more than *409 one meaning. Absent such factors courts should apply the plain meaning of words and phrases used in a policy of insurance. Guthrie v. State Farm Mutual Automobile Insurance Co., 382 So.2d 1312 (Fla. 4th DCA 1980). While we will not hesitate to construe provisions against an insurance company responsible for drafting the contract, we must be equally mindful to construe words and phrases according to their plain meanings. This is especially important in light of our repeated admonitions to insurance companies to write policies in clear and understandable terms.
In accordance with the above we reverse and remand with directions that judgment be entered in favor of the appellant. In view of our holding we need not decide the issue raised on cross appeal.
DOWNEY and DELL, JJ., concur.