NELIA MOORE, COMPLAINANT, APPELLANT, *v.* LIFE & CASUALTY INSURANCE CO., DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1930.)

Opinion filed July 1, 1931.

Bates, Shea & Frazer, for complainant, appellant.

P. M. Estes and Allen Cox, Jr., for defendant, appellee.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed to recover upon an accident insurance policy. It is stated that the insured was killed by accident while riding a motorcycle. The chancellor sustained defendant's demurrer, holding that the policy did not insure against accidental death to one while riding a motorcycle. The policy provided for payment of $1,000 in the

event of death caused, among other things, "by collision of or by any accident to any private horse drawn vehicle or private motor driven automobile in which the insured is riding or driving."

Complainant insists that the term motor driven automobile includes a motorcycle. The controversy results from misapplication of rules of statutory construction to private contracts, as indicated by complainant's reliance on cases that involve statutes designed to regulate and tax motor driven vehicles as in our case of *State* v. *Freels,* 136 Tenn., 483, and similar cases from other states.

In the Freels case it was insisted that chapter 173, Acts of 1905, was void because the caption indicated the regulation of automobiles while the body of the Act went further and regulated automobiles, locomobiles, motorcycles, or any other vehicle of like character.

The legislature defined all such vehicles as automobiles and regulated their use upon the highway. In the enactment of a regulatory law the legislature could, with good reason, classify and define all motor propelled vehicles and subject them to the regulation, and the court so held. The court said the Act was not broader than the caption, and after referring to the rule that where one of two reasonable constructions would render the law obnoxious to the constitution and the other would not, the latter should be adopted, and said: "In the present case we are of opinion that the word automobile is used in the Act as a generic term, and is sufficiently broad to embrace the vehicles mentioned in the body of the Act. We think this is the reasonable construction of the language of the caption."

This is in accord with other cases involving similar regulatory statutes in which the same rule of statu-

tory construction was applied. But in cases involving controversy over contracts of insurance, the courts observe the rule that the intention of the parties is to prevail as that intention may be gathered from the language of the policy. In ascertaining the intention of the parties, construction of the policy is unnecessary except where ambiguity makes the contract susceptible of two interpretations. Then the policy is to be construed most favorably to the insured. Where ambiguity is lacking, resort to the rule designed to aid the court in ascertaining a doubtfully expressed intention is not permissible.

The word automobile expresses its own meaning. A controversy over what the word means could hardly arise except in forensic controversy. To the average man and to the public mind it is common knowledge that the word automobile indicates a motor driven vehicle mounted on four wheels and that a motorcycle indicates a motor vehicle mounted on two wheels. It is also common knowledge, or at least common belief, that the use of the motorcycle is attended by far greater hazard than the use of the automobile. In 2 R. C. L., 1167, it is said:

"An automobile may be defined as a wheeled vehicle, propelled by steam, electricity, or gasoline, and used for the transportation of persons or merchandise. The courts, without making clear distinctions, have generally used the terms automobile, motor vehicle, motor car, and in the earlier cases, horseless carriage, as being synonymous with each other. Except where special provision is made to the contrary, a motorcycle is considered as falling within statutes which use such terms, and the same is true of a traction engine."

Motorcycles and traction engines are not automobiles but they may be so classified by legislative enactment for purposes of regulation, as indicated by the text above

quoted, and in construing such Acts the courts in their endeavor to discover the legislative intent look to the Act and its context, as was done in *State* v. *Freels*.

In construing insurance and other contracts the object is to discover the intention of the parties, and the words used to express their intention are to be given their usual, natural and ordinary meaning so that effect may be given to the intention of the parties, as expressed by the words, and also accordingly as the meaning of such words is settled by antecedent judicial decisions.

Where, prior to issuance of a policy, the meaning of words used is settled by judicial decisions, they should be given weight, for it is reasonable to suppose that the parties were guided by them in using the particular language.

In *Laporte* v. *Insurance Company* (La.), 48 A. L. R., 1086, it was held that a motorcycle was not within the provisions of a policy insuring against death by accident while riding in "a motor driven car." The court said that the words of the policy are to be understood in their most usual signification and that a motorcycle was not a car.

In *Perry* v. *Insurance Company* (N. J.), 138 Atl., 894, the words of the policy were "any private horse drawn vehicle or motor driven car." After citing *Salo* v. *Insurance Company*, 153 N. E., 557, and *Laporte* v. *Insurance Company, supra,* the court said the correct interpretation of the terms of the policy excluded a motorcycle.

In *Anderson* v. *Insurance Company*, 197 N. C., 72, the words of the policy were "any private horse drawn vehicle or motor driven car." The court said the word car is ordinarily used in speaking of an automobile. It is a common expression describing an automobile. It is a mat-

ter of common knowledge that in ordinary conversation a motorcycle is not referred to as a car.

Other similar cases are *Landwher* v. *Insurance Company* (Md.), 150 Atl., 732, *Collier* v. *Insurance Company*, 701 N. Y. S., 473, and *Salo* v. *Insurance Company* (Mass.), 153 N. E., 557.

In *Landwher* v. *Insurance Company* the descriptive words were "any private automobile or motor driven car of exclusive pleasure type," and in *Salo* v. *Insurance Company* the words were "any private horse drawn vehicle or private motor driven car."

As said by the North Carolina court, it is a matter of common knowledge that in ordinary conversation a motorcycle is not referred to as an automobile or as a car, and it would do violence to reason and the ordinary acceptation of the meaning of words—which are but means to convey ideas—to extend the provisions of this policy to motorcycles where the coverage is limited to automobiles.

A case to the contrary is *Bolt* v. *Insurance Company* (S. C.), 152 S. E., 766, where the court affirmed a judgment of the trial judge in giving peremptory instructions to the effect that the term automobile included a motorcycle. In that case there is a well reasoned dissenting opinion in accord with the weight of authority.

The English designation of an automobile is "motor car." Webster's International Dictionary defines automobile as "a self-propelled vehicle suitable for use on a street or roadway," and continuing says "the power of the driving motor varies from about 4 to 40 H. P. for ordinary vehicles ranging from the runabout to the touring car, up to as high as 200 H. P. for especially built racing cars."

Webster's definition of a motorcycle is "a bicycle having a motor attached so as to be self-propelled."

In aid of both definitions, the typical forms of both automobiles and motorcycles are indicated by pictures under the definition and these signify the meaning of the particular vehicle as their names convey that meaning to the mind.

The descriptive words of this policy "any private horse drawn vehicle or private motor driven automobile" excluded coverage of accidents to the insured while riding a motorcycle.

For the reasons indicated, the decree of the chancellor is affirmed.