LIFE AND CASUALTY INSURANCE COMPANY *v.* MRS. EUNICE CANTRELL.

(*Nashville,* December Term, 1932.)

Opinion filed March 18, 1933.

M. P. ESTES, for plaintiff in error.

JEFF MCCARN, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This is an appeal from the judgment upon an in-

surance policy. The facts were stipulated in the trial court.

Dewey Cantrell was killed by accident in the course of his employment while driving a privately used motor truck on the public highway. He was insured by the Life and Casualty Insurance Company against death "by the collision of or any accident to any private horse-drawn vehicle or private motor-driven automobile in which the insured is riding or driving."

The insurance company insists that this provision of the policy does not extend to accidental injury or death from use of a private motor-driven truck. The intention of the parties must prevail in the construction of insurance contracts, ambiguities in the contracts to be construed most favorably to the insured. This provision of the policy was construed by the court in *Moore* v. *Life and Accident Insurance* Co., 162 Tenn., 682. In that case the court held that it excluded coverage of accidents by motorcycle and by way of distinguishing the two vehicles said: "A controversy over what the word (automobile) means could hardly arise except in forensic controversy."

In that opinion an automobile was defined to be a motor-driven vehicle, not including, of course, a road roller or like machine, mounted on four wheels. By way of amplification, we might add that the word "automobile" indicates a motor-driven, fast-moving vehicle mounted on four wheels, and is an automobile whether called a runabout, a coupe, a coach, a sedan, a town car, a speed wagon, a delivery wagon, or a truck. The term automobile, a generic term, embraces them all, including the truck—a fast-moving, motor-driven vehicle mounted on four wheels.

This conclusion is in accord with the reasoning of the

court in *Moore* v. *Life and Accident Insurance Co., supra,* and *Inman* v. *Life and Casualty Insurance Co.,* 164 Tenn., 12, and is in accord with the conclusion of the Kentucky Court of Appeals, as may be seen by reference to *Metcalf* v. *Life and Casualty Insurance Co.,* 42 S. W. (2d), 909, and *Brame* v. *Life and Casualty Insurance Co.,* 22 S. W. (2d), 439.

Rules of statutory construction applied in such cases as *State* v. *Freels,* 136 Tenn., 483, and *Hemlock Tire Co.* v. *McLemore,* 151 Tenn., 99, are not authority upon questions involving the meaning of the contract of insurance. Those cases involved questions of the legislative classification of motor-propelled vehicles for purposes of taxation under the Revenue Acts.

We find no error in the judgment of the trial court. Affirmed.