**Sue F. SMITH, Executrix of the Estate of Ray P. Smith, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant.**

**No. 903.**

United States District Court,
E. D. Tennessee,
Winchester Division.

March 18, 1970.

J. M. Clement, Jr., Dickson, Tenn., for plaintiff.

Richard D. Taylor, and S. McP. Glasgow, Jr., Glasgow, Adams & Taylor, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed diversity action for breach of a contract of insurance. The defendant insured the plaintiff's husband for an amount up to $50,000 resulting from his accidental bodily injuries which occurred while he was " * * * riding as * * * [an] * * * op-

erator in \* \* \* a passenger automobile of the pleasure car type \* \* \*." The plaintiff was the named beneficiary in the policy, which was in effect on May 15, 1967, when her husband died as a result of accidental bodily injuries which occurred while he was riding as an operator in a pickup-type automobile. Mrs. Smith filed proper notice and proof of loss with the defendant, agreeably with the requirements of the policy. The defendant refused to pay her claim, on the ground that the motor vehicle in which her husband was the operator at the time he was killed was not a passenger automobile of the pleasure car-type. Mrs. Smith sought recovery of the principal amount of the policy and the statutory "bad-faith" penalty.

The Court required the jury to return only special verdicts in the form of special written findings on the crucial issues of fact, each of which was submitted as a written question susceptible of a brief answer. In response thereto, the jury found that the vehicle operated by the deceased at the time of his death was of the pleasure-car type; that the defendant Travelers Insurance Company acted in bad faith in refusing to pay Mrs. Smith's claim; and awarded her $300 as a penalty for the defendant's bad-faith-refusal to pay her claim. It having been stipulated that, if entitled to recover under the policy, Mrs. Smith was entitled to recover the full value of $50,000, the Court applied appropriate legal principles to the facts found by the jury in its special verdicts and entered judgment that the plaintiff Mrs. Smith recover of the defendant company the sum of $50,000 with interest thereon as provided by law plus the sum of $300 as penalty for the defendant's bad-faith-refusal to pay her claim, and her costs of action. Thedorf v. Lipsey, C.A.7th (1956), 237 F.2d 190, 193[10].

The defendant has filed seasonably a motion for a new trial, Rules 59(a) (1), (b), Federal Rules of Civil Procedure, or for a judgment in its favor notwithstanding the verdicts of the jury, Rule 50(b), Federal Rules of Civil Procedure.

The Court has considered each ground urged in support of such motions and finds them to be without merit.

The Court charged the jury, *inter alia*, as follows:

" \* \* \* It's the Court's duty to construe this policy for you; and, under the pertinent terms of this contract, the defendant Travelers Insurance Company was liable to Mrs. Smith for the full amount of the policy if the insured Mr. Smith lost his life as a result of accidental bodily injuries while he was operating a passenger automobile of the pleasure-car type.

"The Court judicially notices that a vehicle such as that driven by the deceased Mr. Smith at the time of his death is a passenger automobile within the meaning of this policy. However, whether this particular pick-up truck was further 'of the pleasure-car type' is a question which you, and you alone, must determine from all the evidence before you.

"One of the tests you should apply in making your determination is to consider the use to which this particular truck was commonly and generally put. In this regard, you would consider whether it was generally used for business purposes, or whether it was most generally and commonly used as a pleasure car: that is, for Mr. Smith's own personal enjoyment. But, this is only one test to apply in arriving at your ultimate decision as to whether the vehicle in question was 'of the pleasure-car type'; for, it is the type of vehicle, rather than the use to which it was commonly and generally put by Mr. Smith, which determines whether Mrs. Smith may recover in this action. \* \* \* "

These instructions accorded with the applicable law of Tennessee. See Aetna Life Ins. Co. of Hartford, Conn. v. Bidwell (1951), 192 Tenn. 697, 241 S.W.2d 595, 596[1], 597[6], 598–599[7], 599[8], 599–600. For authority that the motor vehicle in question was

an automobile, see Life & Casualty Ins. Co. v. Cantrell (1933), 166 Tenn. 22, 57 S.W.2d 792[3]. Thus, there was no error in the instructions. Further, based upon the evidence provided by the respective testimonies of Mrs. Smith, James A. (Jack) Puckett, Norman Bost, Felix Gipson, Mrs. Felix Gipson and Douglas Smith, the finding that the automobile in question was of the pleasure-car type was one which the jury could have reasonably reached. Duncan v. Duncan, C.A.6th (1967), 377 F.2d 49, 52[1–5], certiorari denied (1967) *sub nom.* Fain v. Duncan, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260.

▮ The defendant complains that it was denied its right to have all issues in which the evidence was in conflict decided by a jury. Constitution of Tennessee,[1] Article I, § 6; Article VI, § 9; Finks v. Gillum, C.A.Tenn. (1954), 38 Tenn.App. 304, 273 S.W.2d 722, 726 [10]. "* * * Special verdicts and interrogatories are authorized by Rule 49(a), (b) of the Federal Rules of Civil Procedure, and federal courts are governed by such rules of practice and procedure, rather than those of the State court. * * *" Gulf Refining Co. v. Fetschan, C.C.A.6th (1942), 130 F.2d 129, 134[10], certiorari denied (1943), 318 U.S. 764, 63 S.Ct. 666, 87 L.Ed. 1136.

▮ In his summation to the jury, counsel for the defendant made reference to the fact that plaintiff's counsel was her son-in-law and the son-in-law of her decedent. Thereafter, plaintiff's counsel responded to this reference in his closing argument. He referred to "big insurance lawyers", "big companies", "big insurance lawyers, two or three of them, representing the big insurance companies * * * out of Hartford, not even residents of Tennessee". There was no objection to any of the foregoing.

Afterward, the plaintiff's attorney stated that representatives of the defendant took his client's money "* * * and handed them this bunch of paper—that is just about what it amounted to—, * * * and they don't want to pay it. I'll tell you what: let's send them back up to Hartford and let them know how we feel about it in Tennessee." When the defendant objected, the Court stated to the jury:

"Yes, there has been too much appeal to prejudice. Just disregard all this and decide it on the facts and the law as the Court gives it to you."

It is believed that this admonition by the Court and the cautionary instructions given at the time, together with the usual instructions, were sufficient to remove any sympathy or prejudice which the jurors may have acquired as a result of the improper arguments by counsel for both parties. *Cf.* Twachtman v. Connelly, C.C.A.6th (1939), 106 F.2d 501, 509[31], and Chicago & N. W. Ry. Co. v. Kelly, C.C.A.8th (1934), 74 F.2d 31, 35[3]; T.C.A. § 56–1106.

▮ The defendant complains also about the Court's admission of parts of exhibits nos. 6 [sic: 5] and 7. These exhibits were admitted only on the issue of the bad faith of the defendant in refusing to pay the plaintiff's claim. T.C.A. § 56–1105 imposed on the plaintiff the burden of showing that the refusal of the insurer to pay the loss was not in good faith. Life & Cas. Co. of Tennessee v. Robertson, C.A.Tenn. (1927), 6 Tenn.App. 43, 70[21], certiorari denied (1928). These exhibits had a bearing upon the transaction out of which the competing claims of the parties[2] arose and were properly admitted. Block v. Darling (1891), 140 U.S. 234, 11 S.Ct. 832, 35 L.Ed. 476, 478 (headnote 4).

The further grounds urged by the defendant requiring no discussion, its motions hereby are

Overruled.

---

1. Mistakenly cited by the defendant as the Constitution of the United States.

2. The defendant sought the statutory penalty from the plaintiff, as well, T.C.A. § 56–1106.