**SOUTHEASTERN FIDELITY INSUR-
ANCE COMPANY, Appellant,**

v.

**Sebastian J. RUGGERI, Executor of the Es-
tate of Matthew Taylor, Deceased,
and Billy Frye, Appellees.**

Supreme Court of Tennessee.

Feb. 19, 1974.

Rehearing Denied April 1, 1974.

Foley, Bowers, Bell & Leibowitz, Knox-ville, for appellant.

Earnest R. Taylor, Morristown, Tom H. Rogan, Rogersville, for appellees.

OPINION

CHATTIN, Justice.

This complaint was filed by appellant for a declaratory judgment as to the rights of the parties under a policy of automobile liability insurance issued to Matthew Taylor, Deceased, covering a 1964 Buick Le-Sabre automobile owned by Taylor.

Both defendants filed answers to the complaint and counterclaims against Southeastern.

The facts were stipulated. Taylor was killed and several other persons were killed or injured as a result of a head-on collision between a tractor-trailer truck and a van-type truck driven by Taylor which bore a single axle with single rear wheels.

Taylor had leased the truck from Truck Leasing Services, Inc., for the purpose of moving his personal goods from Massachusetts to Alabama. The accident occurred in Hawkins County.

Thereafter, Frye recovered a judgment in the United States District Court at Greeneville, Tennessee, against Truck Leasing Services and Ruggeri, Executor.

Southeastern sought a declaration from the Court that it was not liable under the terms of the liability policy issued to Taylor for any judgments obtained against Taylor's estate as a result of the accident.

It was stipulated that in the event the Court sustained the counterclaims of Frye and Ruggeri, Executor; then, in such event, Frye would be entitled to recover a stipulated sum in satisfaction of his judgment against Ruggeri as Executor of Taylor's estate from Southeastern.

The automobile liability policy issued to Taylor by Southeastern was filed as an exhibit to the complaint. The policy protected Taylor while driving his automobile, or "any other automobile."

The Chancellor found the words "any other automobile" included the van-type truck which was being driven by Taylor on the occasion of the accident; and thus provided "his estate liability insurance coverage with respect to the claims for personal injuries and property damages arising thereby, including the duty to defend ac-

tions against his estate with respect thereto, and subject to the limitations of coverage stated in the policy."

Southeastern has perfected an appeal to this Court and insists under the terms of the policy the word "automobile" does not include a van-type truck.

Specifically, Counsel for Southeastern rely on the following terms of the policy to support their insistence:

"IV AUTOMOBILE DEFINED

"(a) AUTOMOBILE. Except where stated to the contrary, the word 'automobile' means:

"(1) DESCRIBED AUTOMOBILE —The motor vehicle or trailer described in this policy, or, if none is so described, any four-wheel private passenger automobile owned on the effective date of this policy by the named insured or by his spouse if a resident of the same household:

"(b) PRIVATE PASSENGER AUTOMOBILE. The term 'private passenger automobile' means a four-wheel private passenger, station wagon or jeep-type automobile, and also includes any automobile the purposes of use of which are stated in the declarations as 'pleasure and business.'"

We must disagree. It is quite clear the descriptions contained in the above quoted Section IV of the policy relate to the automobile of the policy owner.

The above statement is made clear by the following Section V of the policy:

"USE OF OTHER AUTOMOBILES. If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy such insurance as is afforded by this policy with respect to said automobile applies with respect to any other automobile, subject to the following provisions:"

It was stipulated that the following provisions of the policy did not apply to the facts of this case.

"In construing insurance and other contracts the object is to discover the intention of the parties, and the words used to express their intention are to be given their usual, natural, and ordinary meaning so that effect may be given to the intention of the parties, as expressed by the words, and also accordingly as the meaning of such words as settled by antecedent judicial decisions." Moore v. Life & Acc. Ins. Co., 162 Tenn. 682, 40 S.W.2d 403 (1931).

In the case of Life & Cas. Ins. Co. v. Cantrell, 166 Tenn. 22, 57 S.W.2d 792 (1933), the Court said:

"By way of amplification, we might add that the word 'automobile' indicates a motor-driven, fast-moving vehicle mounted on four wheels, and is an automobile whether called a run-about, a coupé, a coach, a sedan, a town car, a speed wagon, a delivery wagon, or a truck. The term 'automobile', a generic term, embraces them all, including the truck—a fast-moving, motor-driven vehicle mounted on four wheels."

The foregoing definition of the word automobile, we think applies to the words "any other automobile" as used in the policy under consideration.

See, also, Continental Casualty Co. v. Buckeye Union Casualty Co., 75 Ohio L. Abs. 79, 143 N.E.2d 169 (1957); 85 A.L. R.2d 496; 7 Am.Jur., Automobile Insurance, Section 99, page 406; 74 A.L.R.2d 1265.

However, should we be in error in the above rationale and the policy is susceptible of two interpretations, then the policy is to be construed most favorably to the insured. Moore v. Life & Acc. Ins. Co., supra.

In such an event, we think the following rationale stated in the case of Continental Casualty Co. v. Buckeye Union Casualty Co., supra, is controlling:

"Especially when we apply the rule of construction which is followed universally and announced in the Mumaw case [Mumaw v. Western & Southern Life Ins. Co., 97 Ohio St. 1, 119 N.E. 132], (the rule being ambiguous terms are construed in favor of the insured) we are in full agreement with the court in the case of Life and Casualty Ins. Co. v. Cantrell, 166 Tenn. 22, 57 S.W.2d 792, which concluded that 'automobile' as used in a policy of insurance indicates 'a motor-driven, fast moving vehicle mounted on four wheels, and is an automobile whether called a runabout, a coupé, a coach, a sedan, a town car, a speed wagon, a delivery wagon, or a truck. The term "automobile," a generic term, embraces them all, including the truck—a fast-moving, motor-driven vehicle mounted on four wheels.'"

Finally, we agree with the Chancellor that had the draftsman of the policy intended to restrict coverage under Section V of the policy "to private passenger automobiles he had the opportunity to do so and did not."

Accordingly, the decree of the Chancellor is affirmed. Appellant will pay the costs.

DYER, C. J., FONES, J., and LEECH, Special Justice, concur.

McCANLESS, J., not participating.

ON PETITION TO REHEAR

CHATTIN, Justice.

Petitioner has filed an earnest petition to rehear "on the ground that the opinion reflects it was the Court's opinion that the sections of the policy defining the word 'automobile' related only to the automobile of the policy owner, viz, a 1964 Buick LeSabre, and said definitions did not have effect of binding the Court to the terms of the contract when interpreting Section V 'Use of Other Automobiles.'"

We gave our reasons for so holding. We further pointed out that if we were in error in our rationale to that effect and the policy was susceptible of two interpretations, then the policy was to be construed most favorably to the policy owner.

"A petition for rehearing should never be used merely for the purpose of rearguing the case on points already considered and determined, unless some new and decisive authority has been discovered which was overlooked by the court. The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which the Counsel supposes were improperly decided after full consideration." Railroad v. Fidelity & Guaranty Co., 125 Tenn. 658, 148 S.W. 671 (1911).

The petition is denied.

DYER, C. J., FONES, J., and LEECH, Special Justice, concur.

McCANLESS, J., not participating.