**Billy W. SHARPE and wife,
Lovetta Faye Sharpe**

v.

**STATE FARM FIRE & CASUALTY
COMPANY.**

No. Civ. 3–82–95.

United States District Court,
E.D. Tennessee, N.D.

July 27, 1982.

Ward S. Whelchel, Jr., Knoxville, Tenn., for plaintiffs.

Paul E. Dunn, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Defendant, State Farm Fire & Casualty Company, moves for judgment notwithstanding the verdict or for a new trial.

\* Underscoring denotes bold type in policy.

Plaintiffs, Billy W. Sharpe and Lovetta Faye Sharpe, brought this action for failure to pay on a policy of homeowner insurance issued by defendant. On September 3, 1981 a fire destroyed out-buildings and certain items of personal property owned by plaintiffs. Defendant refused to pay for loss to six automobiles, a concrete block garage, two fun carts, and several other personal items. Defendant claimed that the policy excluded coverage for the motor-propelled vehicles and that liability was limited on the garage and other items used for business purposes. The jury returned a verdict for the full amount of plaintiffs' claim, fifty-six thousand dollars ($56,000.00). Defendant contends that the Court erred in submitting the issue of the eight motor-propelled vehicles to the jury.

The effective State Farm policy, under Section I—Coverage B—Personal Property, provides the following exclusion:

Property Not Covered.\* We do not cover:

\* \* \* \* \* \*

3. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the insured location and not licensed for use on public highways; . . .

The Definitions section of the policy provides:

5. "motor vehicle" means:

a. A motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle; . . .

The policy specifically includes the term "motor vehicle" in Section II—Exclusions and Additional Coverages. The defendant will not make medical payments to others for:

e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:

\* \* \* \* \* \*

 

(2) a <u>motor vehicle</u> owned or operated by, or rented or loaned to any <u>insured</u>;
. . .

The policy also excludes payments for property damage to others "arising out of: . . . (3) the ownership, maintenance, or use of a <u>motor vehicle</u>, aircraft or watercraft."

Billy W. Sharpe was the only witness at trial. He testified that he collected old vehicles, including cars and a truck that were destroyed in the fire. Sharpe stated that the vehicles in dispute were not driven on the highway and did not have license plates. He occasionally started the engines and drove the cars around his yard.

In *Moore v. Life & Casualty Insurance Co.,* the Tennessee Supreme Court succinctly outlined the rules of construction to be followed in this case. 162 Tenn. 682, 685, 40 S.W.2d 403 (1930).

> [I]n cases involving controversy over contracts of insurance, the courts observed the rule that the intention of the parties is to prevail as that intention may be gathered from the language of the policy. In ascertaining the intention of the parties, construction of the policy is unnecessary except where ambiguity makes the contract susceptible of two interpretations. Then the policy is to be construed most favorably to the insured. Where ambiguity is lacking, resort to the rule designed to aid the court in ascertaining a doubtfully expressed intention is not permissible.

*Id.* The phrases, "*motor vehicle*" and "any engine or motor propelled vehicle" are ambiguous in the instant insurance policy. The policy language does not limit the definition of "motor vehicle" to the Section II—Exclusions and Additional Coverages, as defendant contends. It is certainly a reasonable interpretation that the definition of "*motor vehicle*" applies to the Section I coverage exclusion of any "motor propelled vehicle." Vehicles in dead storage would therefore be covered by the policy.

The jury in this case considered the policy provisions and Sharpe's testimony in resolving the case in plaintiffs' favor. We find

that there was sufficient evidence to support a finding that the vehicles were in dead storage and covered by the insurance contract. Accordingly, it is ORDERED that defendant's motion for judgment notwithstanding the verdict or for a new trial be, and the same hereby is, denied.

Order Accordingly.