■ JOSEPH A. PONTIERI, Individually and as Parent and Natural Guardian of JOSEPH PONTIERI, an Infant, Appellant, v STATE FARM INSURANCE COMPANIES et al., Respondents, et al., Defendants. [639 NYS2d 386]

In light of the unambiguous "Definitions" and "Exclusions" provisions in the homeowner's insurance policy, defendant State Farm properly disclaimed coverage of claims arising from the instant moped accident, which occurred on a public road. The moped is clearly a "motor vehicle" under the policy; it was owned by plaintiffs; and while it may have been in "dead storage" prior to the accident, it certainly was in operation at the time of the accident (see, Lee v Aetna Cas. & Sur. Co., 178 F2d 750; cf., Sharpe v State Farm Fire & Cas. Co., 558 F Supp 10). We also note that under the subject insurance policy, the factual issue of whether or not the moped was operated with

the permission or consent of the owner is immaterial to determination of State Farm's obligations to plaintiff in these circumstances. Concur—Milonas, J. P., Ellerin, Wallach, Nardelli and Mazzarelli, JJ.