# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 19, 2013 Session

## KELLY WEED v. FIRST ACCEPTANCE INSURANCE COMPANY OF TENNESSEE, INC.

### Appeal from the Circuit Court for Sevier County
No. 2012-0013-II     Richard R. Vance, Judge

---

### No. E2013-00150-COA-R3-CV - Filed August 29, 2013

---

This appeal involves the interpretation of an exclusionary clause in an automobile casualty insurance policy. The policy excluded coverage for a loss resulting from an accident occurring while the vehicle was being driven by an unlisted driver who "is a regular or frequent operator of" an insured vehicle. Caleb Jenkins, who was not listed in the policy as a "driver," was involved in an accident while driving the vehicle of Kelly Weed ("Insured"). Insured brought suit after First Acceptance Insurance Company of Tennessee, Inc., ("Insurer") denied her claim. Insurer moved for summary judgment, alleging that Jenkins was a regular and frequent operator of Insured's vehicle. Based on Insured's statement that Jenkins was a "fairly regular" driver of her vehicle who had been driving it once or twice a week for six months, the trial court denied coverage and granted Insurer summary judgment. We affirm the trial court's judgment that the policy excluded coverage because Insured's admission establishes that Jenkins was a "regular or frequent operator" of her vehicle.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

George R. Garrison, Sevierville, Tennessee, for the appellant, Kelly Weed.

Louis Andrew McElroy, II, and Rachel E. Sanders, Knoxville, Tennessee, for the appellee, First Acceptance Insurance Company of Tennessee, Inc.

# OPINION

## I.

The dispositive facts in this case are brief and undisputed. Jenkins was involved in an accident on December 15, 2011, while driving Insured's 2001 Nissan Pathfinder. Insured notified Insurer and filed a claim under her auto insurance policy. Insurer denied the claim based on the following exclusionary clause of the policy:

> We will not pay for:
>
> 1. Any loss or damage arising from an accident which occurs while the auto is being driven, operated, manipulated, maintained, serviced, or used in any other manner by an unlisted driver who resides in the same household as the named insured, or is a regular or frequent operator of any vehicle insured under this policy. This exclusion shall apply whether or not the named insured is occupying the vehicle at the time said driver is using it in any manner whatsoever.

(Bold font in original omitted.)

Insured brought this action for declaratory judgment, asking the trial court to declare that coverage for the accident was not excluded under the policy language. Insurer moved for summary judgment, relying on the "regular or frequent operator" exclusion. In support of its motion, Insurer filed the affidavit of its claims processor, Shila McMullen, who testified that she received a call from Insured reporting her claim and took a recorded statement. Insured told McMullen in the recorded statement that Caleb Jenkins "was a 'fairly regular' driver, who drove her 2001 Nissan Pathfinder once or twice a week for some six months." Insured has not disputed or denied making this statement, nor has she denied its accuracy. Insured later filed her own motion for summary judgment.

The trial court granted Insurer summary judgment, finding as follows:

> The Court found that there was no genuine dispute regarding the material fact that Caleb Jenkins operated Kelly Weed's vehicle one to two times per week for six months prior to the accident at issue in this case. With this material fact undisputed, the Court was left to determine whether that use constituted regular or frequent use of the vehicle which would bring into play a

policy exclusion while the vehicle was being operated by Caleb Jenkins. Based upon the record as a whole, the Court concluded that Caleb Jenkins was not a "regular" operator of the vehicle [but] was a "frequent" operator of Kelly Weed's vehicle. The Court further found that the policy exclusion at issue was not ambiguous when attributing the ordinary meaning of the words in the exclusion. Based upon the foregoing, the Court concluded that the exclusion was applicable and that there was no coverage for the accident at issue[.]

Insured timely filed a notice of appeal.

## II.

The issue presented is whether the trial court erred in holding that driving a vehicle once or twice a week for six months constitutes "frequent use" and falls within an exclusionary clause of an automobile insurance policy excluding coverage for an unlisted driver who is a "regular or frequent operator" of the insured vehicle.

## III.

A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Kiser v. Wolfe*, 353 S.W.3d 741, 745 (Tenn. 2011); *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008). In this case both parties moved for summary judgment. There are no disputed issues of material fact. The Supreme Court has recently observed that "Tennessee law is clear that questions regarding the extent of insurance coverage present issues of law involving the interpretation of contractual language." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). "The interpretation of a contract is a matter of law that requires a de novo review on appeal." *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). A trial court's interpretation of a contract is not entitled to a presumption of correctness on appeal. *Angus v. Western Heritage Ins. Co.*, 48 S.W.3d 728, 730 (Tenn. Ct. App. 2000).

## IV.

When courts are called upon to construe insurance contracts, "'the paramount rule is to ascertain the intent of the parties which is to be derived from the four corners of the policy[,] giving effect to all parts.'" *Kiser*, 353 S.W.3d at 748 (ellipses and brackets omitted) (quoting *Blue Diamond Coal Co. v. Holland-Am. Ins. Co.*, 671 S.W.2d 829, 833 (Tenn.

1984)). "Insurance contracts are subject to the same rules of construction as contracts generally, and in the absence of fraud or mistake, the contractual terms should be given their plain and ordinary meaning. . . ." *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 441 (Tenn. 2012) (internal quotation marks omitted). If the contractual language is clear and unambiguous, "courts must not look beyond the four corners of the instrument." *Kiser*, 353 S.W.3d at 748. "[C]ontracts of insurance are strictly construed in favor of the insured, and if the disputed provision is susceptible to more than one plausible meaning, the meaning favorable to the insured controls." *Garrison*, 377 S.W.3d at 664. However, "[i]t is only when a provision is found to be ambiguous that its interpretation will be construed against the drafter of the contract," *Kiser*, 353 S.W.3d at 748, and "a 'strained construction may not be placed on the language used to find ambiguity where none exists.'" *Garrison*, 377 S.W.3d at 664 (quoting *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975)).

This Court has construed a "regular use" exclusionary clause on several occasions. In *United Servs. Auto. Ass'n v. Couch*, 643 S.W.2d 668, 669 (Tenn. Ct. App. 1982), we construed a policy provision that excluded liability coverage for the "use of any vehicle, other than your covered auto, which is owned by or furnished or available for the regular use of any family member." The vehicle in question was owned by a pizza restaurant owner who furnished it for pizza deliveries. *Id.* An employee, Couch, was in an accident while delivering pizzas. *Id.* The issue was whether the auto insurance policy on the Couch family vehicle provided coverage for the non-owned auto. The proof showed that Couch had worked for the pizza restaurant part-time, for "varied" hours, over a period of about four months. *Id.* at 669-70. The *Couch* Court stated as follows:

> Definitions of the word, "regular" include:
> > 3a steady or uniform in course, practice or occurrence; not subject to unexplained or irrational variation; steadily pursued; orderly, methodical.
> > b (1) returning, recurring or received at stated, fixed or uniform intervals, (2) functioning at uniform intervals,
> > 4a constituted, selected, made or otherwise handled in conformity with established or prescribed usages, rules or discipline. (Webster's Third International Dictionary, Unabridged.)
>
> > Steady or uniform in course, practice or occurrence; not subject to unexplained or

> irrational variation. Made according to rule, duly
> authorized, formed after uniform type, built or
> arranged according to established plan, law or
> principle. Antonym of "casual" or "occasional."
> (Black's Law Dictionary Fourth Edition)

*Id.* at 671-72 (internal citations omitted). The Court concluded that "the regularity of use shown in the present case was sufficient to satisfy the conditions of exclusion" and reversed the trial court's declaratory judgment to the contrary. *Id.* at 672.

In ***Murphy v. Chadwell***, the Court construed a similar provision excluding uninsured motorist coverage for a vehicle "furnished or available for the regular use by you or any family member." No. 02A01-9705-CV-00105, 1998 WL 117407 at *1 (Tenn. Ct. App. W.S., filed Mar. 17, 1998). We agreed with the insurer's argument that the plaintiff "used the car 3-4 times per week, and as such, uses the car on a regular basis thereby disqualifying the car as an 'uninsured motor vehicle' under the policy." *Id.* The ***Murphy*** Court concluded as a matter of law that the exclusion applied, holding as follows:

> We find the term "regular use" to be unambiguous. When
> employing the plain and ordinary meaning of "regular use," we
> conclude that Plaintiff's use of the Camaro was, undoubtedly,
> "regular." . . . Plaintiff, in her deposition, states that she used the
> car 3-4 times a week. We have no doubt that this is "regular
> use" within its common, customary meaning.

*Id.* at *5.

In ***Gillard v. Taylor***, 342 S.W.3d 492, 499 (Tenn. Ct. App. 2009), in construing a similar provision in an uninsured motorist policy, we stated the following:

> Black's Law Dictionary defines "regular use," as used in an
> insurance policy context, to be "[a] use that is usual, normal, or
> customary, as opposed to an occasional, special, or incidental
> use." Black's Law Dictionary, 1540-41 (7th ed. 1999). This
> definition succinctly states the meaning of "regular use," and
> comports with other definitions set out in the previously decided
> cases. Because of its plain and simple language, we adopt the
> Black's Law Dictionary definition of "regular use."

In ***State Farm Mut. Auto. Ins. Co. v. Jeffers***, No. 101, 1986 WL 13970 (Tenn. Ct. App. E.S., filed Dec. 12, 1986), the case most factually similar to the one at bar, this Court construed a provision of a policy excluding coverage for an auto that was "furnished or available for the regular or frequent use of" the insured. ***Id.*** at \*1. The insured was the girlfriend of the owner of the car and was driving it when she was involved in a one-car accident. ***Id.*** We affirmed the denial of coverage because the insured was a "frequent" user of the vehicle, stating as follows:

> The words in a contract which express the parties' intentions are to be given their usual, natural and ordinary meaning. ***Moore v. Life and Casualty Ins. Co.***, 162 Tenn. 682, 40 S.W.2d 403 (1931).
>
> \*        \*        \*
>
> "Frequent" is defined by Webster as "happening or found at short intervals: often repeated or occurring." . . . There is evidence that Sheila [the insured] drove Kevin's car an average of two to three times a week in the spring of 1985. Under the facts of this case we must agree with the chancellor's determination that Sheila's use of the car constituted frequent use. Thus we agree with the chancellor's finding that the car was not a "non-owned" car within the meaning of the policy and therefore said policy affords no coverage.

***Id.***

In the present case, Insured described Jenkins, the driver at the time of the accident, as a "*fairly regular*" driver of her car who had driven it once or twice a week for the six months prior to the accident. By this admission, Insured established that Jenkins had routinely been driving the vehicle at fairly short intervals, for a total of between 26 and 52 times in a six-month period. Under the circumstances, we hold that Jenkins' use of Insured's vehicle was "regular or frequent," and therefore there was no coverage for loss resulting from the accident under the unambiguous terms of the exclusionary clause.

V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Kelly Weed. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of the costs assessed in the trial court.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE